**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTINE SLOWINSKI, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>-v.-<br><br>HP HOOD LLC,<br><br>                        Defendant. | Case No. 1:23-cv-03207 |

**DEFENDANT HP HOOD LLC'S**
**<u>NOTICE OF REMOVAL</u>**

**TABET DIVITO & ROTHSTEIN LLC**
Amanda N. Catalano
Daniel L. Stanner
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604
Telephone: (312) 762-9450
acatalano@tdrlaw.com
dstanner@tdrlaw.com

**COVINGTON & BURLING LLP**
Steven J. Rosenbaum*
850 Tenth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 662-6000
srosenbaum@cov.com

Andrew Leff*
620 Eighth Avenue
New York, N.Y. 10018
Telephone: (212) 841-1000
aleff@cov.com

*\* Pro hac vice applications forthcoming*

Dated:  May 22, 2023                *Attorneys for Defendant HP Hood LLC*

## TABLE OF CONTENTS

PARTIES ............................................................................................................................. 1

PROCEDURAL HISTORY.................................................................................................. 1

TIMELINESS OF REMOVAL ............................................................................................ 2

BASIS FOR REMOVAL...................................................................................................... 2

I.      The Parties to This Class Action Are Minimally Diverse. .................................................. 2

II.     The Aggregate Amount in Controversy in This Class Action Is Greater Than $5,000,000................................................................................................................ 9

REMOVAL PROCEDURES ................................................................................................ 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.*,
    637 F.3d 827 (7th Cir. 2011) ................................................10

*Bracken Data, Inc. v. Guel*,
    2022 WL 3999810 (N.D. Ill. Sept. 1, 2022) ........................12

*Brill v. Countrywide Home Loans, Inc.*,
    427 F.3d 446 (7th Cir. 2005) ......................................9, 10, 11

*Camico v. Citizens Bank*,
    474 F.3d 989 (7th Cir. 2007) ...................................................3

*Cordero v. Torres*,
    2019 WL 3287840 (N.D. Ill. July 22, 2019)...........................2

*Dart Cherokee Basin Operating Co. v. Owens*,
    574 U.S. 81 (2014)............................................................1, 12

*Herremans v. Carrera Designs, Inc.*,
    157 F.3d 1118 (7th Cir. 1998) ..............................................10

*Hunt v. DaVita, Inc.*,
    680 F.3d 775 (7th Cir. 2012) .................................................11

*Indiana Gas Co. v. Home Ins. Co.*,
    141 F.3d 314 (7th Cir. 1998) ...................................................3

*Johnson v. Pushpin Holdings, LLC*,
    2014 WL 702316 (N.D. Ill. Feb. 21, 2014) ............................9

*Keeling v. Esurance Ins. Co.*,
    660 F.3d 273 (7th Cir. 2011) .................................................11

*Kitson v. Bank of Edwardsville*,
    2006 WL 3392752 (S.D. Ill. Nov. 22, 2006) ..........................2

*Robinson v. Avanquest N. Am. Inc.*,
    2015 WL 196343 (N.D. Ill. Jan. 13, 2015).............................11

*Schutte v. Ciox Health, LLC*,
    28 F.4th 850 (7th Cir. 2022) ..................................................12

*Scott v. Cricket Commc'ns, LLC*,
    865 F.3d 189 (4th Cir. 2017) .................................................................2

*Spivey v. Vertrue, Inc.*,
    528 F.3d 982 (7th Cir. 2008) ...............................................................10

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
    303 U.S. 283 (1938) ............................................................................10

*W.C. Motor Co. v. Talley*,
    63 F. Supp. 3d 843 (N.D. Ill. 2014) .....................................................11

**Statutes and Other Authorities**

28 U.S.C. § 105(a) ..................................................................................13

28 U.S.C. § 1332 .............................................................................2, 3, 9

28 U.S.C. § 1441 ..............................................................................2, 13

28 U.S.C. § 1446 ......................................................................2, 12, 13

Class Action Fairness Act, 28 U.S.C. § 1332(d) ................................. *passim*

Federal Rule of Civil Procedure 6(a) ........................................................2

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1,
    *et seq.* ..........................................................................1, 9, 11, 12

1.     Defendant HP Hood LLC ("Hood") hereby removes this civil action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois.  This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  *See generally Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (Regardless of whether a general presumption against federal jurisdiction exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA.").

## PARTIES

2.     Defendant Hood's principal place of business is Lynnfield, Massachusetts, and Hood is organized under the laws of Delaware.

3.     Plaintiff Christine Slowinski, a natural person, is an Illinois citizen residing in Illinois.

## PROCEDURAL HISTORY

4.     On April 10, 2023, Plaintiff filed in the Circuit Court of the Cook County, Illinois, Chancery Division, against Hood a Class Action Complaint, seeking damages, attorneys' fees and costs, and other additional relief, styled *Chrstine Slowinski, individually and on behalf of all others similarly situated v. HP Hood LLC*.  A true and correct copy of the Summons and Complaint, assigned cause number 2023CH03447, is attached hereto as **Exhibit A**.

5.      In the Complaint, Plaintiff alleges that she and the class members suffered economic harm when they purchased any of six varieties of Planet Oat-brand oatmilk (the "Products") made by Hood that purportedly bore a label featuring one or more alleged misrepresentations.  Ex. A ¶ 1.  Plaintiff brings claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and Illinois common law.

## TIMELINESS OF REMOVAL

6.      Plaintiff served her Complaint on April 20, 2023.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b)(1) and Rule 6(a) of the Federal Rules of Civil Procedure.

## BASIS FOR REMOVAL

7.      This action is properly removed to this Court under 28 U.S.C. §§ 1332(d) and 1441 as a minimally diverse class action with an amount in controversy exceeding $5,000,000.

**I.      The Parties to This Class Action Are Minimally Diverse.**

8.      This action was filed by a single named plaintiff, Christine Slowinski, who alleges she is a resident of Schaumburg, Illinois.  Ex. A ¶ 2.  Although in Illinois "citizenship of an individual is determined by domicile, not residence," *Cordero v. Torres*, 2019 WL 3287840, at *2 (N.D. Ill. July 22, 2019), and Plaintiff alleges nothing specifically regarding her domicile, *see generally* Ex. A, "residence in Illinois . . . creates a rebuttable presumption of domicile in Illinois," *Kitson v. Bank of Edwardsville*, 2006 WL 3392752, at *6 (S.D. Ill. Nov. 22, 2006).  Accordingly, Plaintiff is presumptively an Illinois citizen.  *Accord, Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (To determine citizenship, a removing defendant "does not need to make a definitive determination of domicile.").

9.      Plaintiff purports to represent a class of "All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification."  Ex. A ¶ 35.  She also purports to represents a subclass of "All persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification."  *Id.* ¶ 36.

10.      Hood, the sole defendant in this action, is a limited liability company ("LLC").  Ex. A ¶ 3.  As an LLC, the citizenship(s) of Hood are the citizenship(s) of its members.

*See Camico v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members.").

11.    Hood is owned by six members.  Declaration of Alice J. Kuhne submitted herewith, dated May 22, 2023 ("Kuhne Decl." attached hereto as **Exhibit B**) ¶ 4.

12.    The members of Hood are Delaware limited liability companies: Hawk Capital LLC, Boreal Capital LLC, Consolidated Capital LLC, Kodiak Capital LLC, NAK Capital LLC, and Spruce Capital LLC.  *Id.* ¶ 5.  As noted *supra*, the citizenship(s) of a limited liability company is the citizenship(s) of its member(s).

13.    Hawk Capital LLC has five members, each of which is a trust organized under the laws of Delaware: Hawk Trust I, Hawk Trust II, Hawk Trust III, Hawk Trust IV, and Hawk Trust V.  *Id.* ¶ 6.  The citizenship of a trust is determined by the citizenship of its trustees. *See Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 318 (7th Cir. 1998) ("Trusts take the citizenship of the trustees rather than of the beneficiaries.")

   a.    <u>Hawk Trust I</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Hawk Trust I, is a Delaware citizen because it is incorporated in Delaware and has its principal place of business in Delaware.  *See* 28 U.S.C. § 1332(c)(1).  Hawk Trust I also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Stephen J. Kaneb, domiciled in, and a citizen of, New Hampshire.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  Kuhne Decl. ¶ 6(a).

   b.    <u>Hawk Trust II</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Hawk Trust II, is a Delaware citizen (see above).  Hawk Trust II also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Stephen J. Kaneb,

domiciled in, and a citizen of, New Hampshire. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 6(b).

c. <u>Hawk Trust III</u>. Bryn Mawr Trust Company of Delaware, a trustee of Hawk Trust III, is a Delaware citizen (see above). Hawk Trust III also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Stephen J. Kaneb, domiciled in, and a citizen of, New Hampshire. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 6(c).

d. <u>Hawk Trust IV</u>. Bryn Mawr Trust Company of Delaware, a trustee of Hawk Trust IV, is a Delaware citizen (see above). Hawk Trust IV also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Stephen J. Kaneb, domiciled in, and a citizen of, New Hampshire. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 6(d).

e. <u>Hawk Trust V</u>. Bryn Mawr Trust Company of Delaware, a trustee of Hawk Trust V, is a Delaware citizen (see above). Hawk Trust V also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Stephen J. Kaneb, domiciled in, and a citizen of, New Hampshire. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 6(e).

14.    Boreal Capital LLC has one member, a trust organized under the laws of Delaware and called Boreal Trust. *Id.* ¶ 7.

a. <u>Boreal Trust</u>. Bryn Mawr Trust Company of Delaware, a Delaware citizen (see above); Gary R. Kaneb, domiciled in, and a citizen of, Massachusetts; Stephen J. Kaneb, domiciled in, and a citizen of, New Hampshire; Bruce A. Kaneb, domiciled in, and a citizen of, Massachusetts; Jeffrey J. Kaneb, domiciled in, and a citizen of, Massachusetts; and Christopher P. Kaneb, domiciled in, and a citizen of, Massachusetts, are trustees of Boreal Trust. Boreal Trust also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Gary R. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustees and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 7(a).

15. Consolidated Capital LLC has four members, each of which is a trust organized under the laws of Delaware: Consolidated Trust I, Consolidated Trust II, Consolidated Trust III, and Consolidated Trust IV. *Id.* ¶ 8.

a. <u>Consolidated Trust I</u>. Bryn Mawr Trust Company of Delaware, a trustee of Consolidated Trust I, is a Delaware citizen (see above). Consolidated Trust I also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Gary R. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 8(a).

b. <u>Consolidated Trust II</u>. Bryn Mawr Trust Company of Delaware, a trustee of Consolidated Trust II, is a Delaware citizen (see above). Consolidated Trust II also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Gary R. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships

5

of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 8(b).

    c.   <u>Consolidated Trust III</u>. Bryn Mawr Trust Company of Delaware, a trustee of Consolidated Trust III, is a Delaware citizen (see above). Consolidated Trust III also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Gary R. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 8(c).

    d.   <u>Consolidated Trust IV</u>. Bryn Mawr Trust Company of Delaware, a trustee of Consolidated Trust IV, is a Delaware citizen (see above). Consolidated Trust IV also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Gary R. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 8(d).

16.    Kodiak Capital LLC has four members, each of which is a trust organized under the laws of Delaware: Kodiak Trust I, Kodiak Trust II, Kodiak Trust III, and Kodiak Trust IV. *Id.* ¶ 9.

    a.   <u>Kodiak Trust I</u>. Bryn Mawr Trust Company of Delaware, a trustee of Kodiak Trust I, is a Delaware citizen (see above). Kodiak Trust I also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Bruce A. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 9(a).

6

  b. <u>Kodiak Trust II</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Kodiak Trust II, is a Delaware citizen (see above).  Kodiak Trust II also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Bruce A. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 9(b).

  c. <u>Kodiak Trust III</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Kodiak Trust III, is a Delaware citizen (see above).  Kodiak Trust III also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Bruce A. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 9(c).

  d. <u>Kodiak Trust IV</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Kodiak Trust IV, is a Delaware citizen (see above).  Kodiak Trust IV also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Bruce A. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 9(d).

  17. NAK Capital LLC has two members, each of which is a trust organized under the laws of Delaware: NAK Trust I and NAK Trust II.  *Id.* ¶ 10.

  a. <u>NAK Trust I</u>.  Bryn Mawr Trust Company of Delaware, a trustee of NAK Trust I, is a Delaware citizen (see above).  NAK Trust I also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Jeffrey J. Kaneb,

domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 10(a).

b. <u>NAK Trust II</u>. Bryn Mawr Trust Company of Delaware, a trustee of NAK Trust II, is a Delaware citizen (see above). NAK Trust II also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Jeffrey J. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 10(b).

18.    Spruce Capital LLC has three members, each of which is a trust organized under the laws of Delaware: Spruce Trust I, Spruce Trust II, and Spruce Trust III. *Id.* ¶ 11.

a. <u>Spruce Trust I</u>. Bryn Mawr Trust Company of Delaware, a trustee of Spruce Trust I, is a Delaware citizen (see above). Spruce Trust I, also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Christopher P. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 11(a).

b. <u>Spruce Trust II</u>. Bryn Mawr Trust Company of Delaware, a trustee of Spruce Trust II, is a Delaware citizen (see above). Spruce Trust II also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Christopher P. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 11(b).

8

c. <u>Spruce Trust III</u>. Bryn Mawr Trust Company of Delaware, a trustee of Spruce Trust III, is a Delaware citizen (see above). Spruce Trust III also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Christopher P. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 11(c).

19.     Based on the foregoing, Hood is a citizen of the States of Massachusetts, New Hampshire, and Delaware. Hood is not a citizen of the State of Illinois.

20.     Given that Plaintiff herself is a citizen of Illinois and Hood is a citizen of states other than Illinois, the parties are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) (providing for subject matter jurisdiction where "[a]ny member of a class of plaintiffs is a citizen of a State different from any defendant").

## II.    The Aggregate Amount in Controversy in This Class Action Is Greater Than $5,000,000.

21.     Under CAFA, a minimally diverse class action is removable if the amount in controversy is greater than $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The claims of the individual class members "shall be aggregated" to determine whether that jurisdictional minimum has been met. 28 U.S.C. § 1332(d)(6).

22.     While Hood asserts that it has not violated the ICFA or Illinois common law or the corresponding laws of any other states and that Plaintiff and the putative class and subclass are not entitled to any relief of any kind, "[t]he court assesses the amount the plaintiffs have placed in controversy, not the amount they are actually entitled to recover." *Johnson v. Pushpin Holdings, LLC*, 2014 WL 702316, at *1 (N.D. Ill. Feb. 21, 2014) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). Put another way, "[t]he test for whether a case satisfies

the amount in controversy requirement is whether the complaint makes a good-faith claim for the amount, not whether the plaintiff is actually entitled to such an amount." *Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7th Cir. 1998). "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)). "A removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'" *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (quoting *Brill*, 427 F.3d at 449); *see also Brill*, 427 F.3d at 449 (removal appropriate; "A judge may well award less than [the full amount claimed by the plaintiff], but a recovery exceeding $5 million for the class as a whole is not 'legally impossible.'").

23. The putative class' claimed damages meet the $5 million threshold. In her Complaint, Plaintiff claims that Hood "has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products." Ex. A ¶ 57. On at least her unjust enrichment claim, Plaintiff alleges that total claimed damages amount to all "the revenue [Hood] received from Plaintiff, and the Class and Sub-Class members" in exchange for the Products. *Id.* ¶ 58.

24. That amount alone exceeds $5 million. *See* Declaration of Mike McAuliffe submitted herewith, dated May 22, 2023 ("McAuliffe Decl." attached hereto as **Exhibit C**), ¶ 5–7.

25. As detailed in the McAuliffe Declaration, Circana, Inc. ("Circana") is a well-known data analytics and market research company, headquartered in the U.S., which provides clients with consumer, shopper, and retail market intelligence and analysis focused on the consumer packaged goods (CPG), retail, and healthcare industries. *Id.* ¶ 4. Among other things, Circana gathers checkout scanner data regarding the quantities and prices paid for the

purchase of all products in participating grocery stores. *Id.* That information is compiled and available for purchase by subscription. *Id.* Hood has access to this data with respect to, *e.g.*, the sales of the Products in the United States. *Id.*

26. For 2019 through 2022, Circana's data shows that consumers purchased in the United States more than $5 million of the Products each year. *Id.* ¶ 5.

27. In addition, for 2019 through 2022, Hood's own records show that the value of Hood's wholesale sales of the Products throughout the United States exceeded $5 million in each year from 2019 through 2022, inclusive. *Id.* ¶ 7.

28. The amount in controversy thus exceeds the $5 million threshold for CAFA jurisdiction.

29. Circana's data also shows that from 2019 through the present consumers in Illinois purchased more than $8 million of the Products. *Id.* ¶ 6. And Hood's own records show that the value of Hood's wholesale sales of the Products, for sale to consumers in Illinois, from 2019 through the present, exceed $5 million. *Id.* ¶ 7. Accordingly, even for just the Illinois subclass, the amount in controversy exceeds the $5 million threshold for CAFA jurisdiction.

30. While damages alone suffice to satisfy the CAFA $5 million jurisdictional threshold, this Court should also consider punitive damages for purposes of assessing the amount in controversy under CAFA because those damages are legally possible. *See W.C. Motor Co. v. Talley*, 63 F. Supp. 3d 843, 849 (N.D. Ill. 2014) ("Punitive damages count towards the amount in controversy. *See Hunt v. DaVita, Inc.*, 680 F.3d 775, 777–78 (7th Cir. 2012)); *Robinson v. Avanquest N. Am. Inc.*, 2015 WL 196343, at *4 (N.D. Ill. Jan. 13, 2015) ("Punitive damages are available under both the common law of fraud and ICFA, 815 ILCS 505/4 to 505/12." (citing *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011)). "The only exception is when it

is a legal certainty that a party cannot recover punitive damages. So, unless the demand for punitive damages is dead on arrival, they count." *Bracken Data, Inc. v. Guel*, 2022 WL 3999810, at *5 (N.D. Ill. Sept. 1, 2022) (citing *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022)). The legal possibility of punitive damages for common law fraud is included in the aggregation of the alleged amount in controversy. *See id.* (finding amount in controversy satisfied where plaintiff "demand[ed] $36,000 in compensatory damages, plus an unspecified amount of punitive damages" because "nothing in the complaint suggests that it is a legal certainty that [plaintiff] could not recover at least $39,001 (that is, the delta between $36,000 and $75,001) in punitive damages"). Hood does not believe that it has violated the common law or the ICFA, much less engaged in conduct that would warrant the award of punitive damages. But for purposes of assessing CAFA jurisdiction, the legal possibility of punitive damages under Illinois common law and/or the ICFA is sufficient for their inclusion in the aggregation of the alleged amount in controversy.

31.     The above showing satisfies Section 1446(a)'s requirement that Hood's "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89.

32.     Because Hood has made a plausible showing that the amount in controversy exceeds $5 million, this Court has removal jurisdiction under CAFA. *See Owens*, 574 U.S. at 89 (Regardless of whether a general "presumption against removal" exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA." (internal quotations and citation omitted)).

**REMOVAL PROCEDURES**

33.     This Court is the proper one for removal here, because it is the United States District Court that embraces Cook County, Illinois, where the action is pending.  *See* 28 U.S.C. §§ 105(a), 1441(a).

34.     The recitation of the allegations and requests for relief above do not concede that Plaintiff's allegations or legal theories have merit.  Hood reserves the right to assert all applicable defenses in this matter.

35.     As required by 28 U.S.C. § 1446(d), Hood will promptly serve Plaintiff with a copy of this Notice of Removal and will file a copy of the same with the Circuit Court of Cook County, Illinois, Chancery Division.  *See* **Exhibit D** attached hereto.

WHEREFORE, the case now pending in the Circuit Court of Cook County, Illinois, Chancery Division, case number 2023CH03447, is hereby removed to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1441.

Dated: May 22, 2023

Respectfully submitted,

By: s/ *Amanda N. Catalano*

**TABET DIVITO & ROTHSTEIN LLC**
Amanda N. Catalano
Daniel L. Stanner
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604
Telephone: (312) 762-9450
acatalano@tdrlaw.com
dstanner@tdrlaw.com

**COVINGTON & BURLING LLP**
Steven J. Rosenbaum*
850 Tenth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 662-6000
srosenbaum@cov.com

Andrew Leff*
620 Eighth Avenue
New York, N.Y. 10018
Telephone: (212) 841-1000
aleff@cov.com

* *Pro hac vice applications forthcoming*

*Attorneys for Defendant HP Hood LLC*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 22, 2023, the foregoing was filed electronically with the Clerk of Court using the CM/ECF System and was also served via email on the following:

> Todd M. Friedman
> LAW OFFICE OF TODD M. FRIEDMAN, P.C.
> 21031 Ventura Blvd, Suite 340
> Woodland Hills, CA 91364
> Tel: 323-306-4234
> Email: tfriedman@toddflaw.com
>
> Steve G. Perry
> LAW OFFICE OF TODD M. FRIEDMAN, P.C.
> 707 Skokie Blvd, Suite 600
> Northbrook, IL 60062
> Tel: 224-218-0875
> Email: steve.perry@toddflaw.com

s/ *Amanda N. Catalano*