# EXHIBIT A



# Notice of Service of Process

null / ALL
Transmittal Number: 26785960
Date Processed: 04/21/2023

| | |
|---|---|
| Primary Contact: | John Acheson<br>HP Hood LLC<br>6 Kimball Ln<br>Lynnfield, MA 01940-2682 |

| | |
|---|---|
| Entity: | HP Hood LLC<br>Entity ID Number  2195916 |
| Entity Served: | Hp Hood LLC |
| Title of Action: | Christine Slowinski, individually and on behalf of All Others Similarly Situated vs. Hp Hood LLC |
| Matter Name/ID: | Christine Slowinski, individually and on behalf of All Others Similarly Situated vs. Hp Hood LLC (13959728) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Cook County Circuit Court, IL |
| Case/Reference No: | 2023CH03447 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 04/20/2023 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Law Offices of Todd M. Friedman, P.C.<br>323-306-4234 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

FILED
4/10/2023 2:21 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH03447
Calendar, 10
22222373

| | | |
|---|---|---|
| 2120 – Served | 2121 – Served | 2620 – Sec. of State |
| 2220 – Not Served | 2221 – Not Served | 2621 – Alias Sec of State |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| Summons – Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

CHRISTINE SLOWINSKI

Plaintiff(s)

v.

HP HOOD LLC

Defendant(s)

Case No.    2023CH03447

HP Hood LLC c/o IL Corp Service Co., 801
Adlai Stevenson Dr., Springfield, IL 62703

Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ● Sheriff Service   ○ Alias

## SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Summons - Alias Summons                         (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 63294

○ Pro Se 99500

Name: Steven Perry, Law Offices of Todd Friedman

Atty. for (if applicable):

Christine Slowinski, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook

State: IL    Zip: 60062

Telephone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

Witness date _____

4/10/2023 2:21 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES
### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**12-Person Jury**

Hearing Date: 8/8/2023 10:30 AM
Location: Court Room 2302
Judge: Moreland, Caroline Kate

FILED
4/10/2023 12:38 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH03447
Calendar, 10
22219120

FILED DATE: 4/10/2023 12:38 PM   2023CH03447

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

CHRISTINE SLOWINSKI, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.

HP HOOD LLC

      Defendant.

Case No.     **2023CH03447**

**CLASS ACTION
COMPLAINT**

**JURY DEMANDED**

Now comes the Plaintiff, Christine Slowinski ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, and for her Class Action Complaint against the Defendant, HP HOOD LLC., ("Defendant"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Illinois Consumer Fraud and Deceptive Businesses Practices Act ("ILCFA"), 815 ILCS 505/1 *et seq.*, common law fraud, and unjust enrichment, resulting from the illegal actions of Defendant, in intentionally labeling its Products as containing no artificial preservatives, when they contain the synthetic preservative dipotassium phosphate. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

FILED DATE: 4/10/2023 12:38 PM    2023CH03447

## PARTIES

2.      Plaintiff is an individual who was at all relevant times residing in Schaumberg, Illinois.

3.      Defendant is a Delaware limited liability company, whose principal place of business is located in Lynnfield, Massachusetts.

4.      At all times relevant hereto, Defendant was engaged in the marketing and sale of oat milk.

## FACTS COMMON TO ALL COUNTS

5.      Defendant advertises, markets, sells, and distributes oat milk throughout Illinois.

6.      During the Class Period Defendant sold the following Planet Oat Milks (the "Products") labeled, marketed, and advertised as containing "No Artificial Preservatives", but which actually contained dipotassium phosphate:

    a)  Original flavor;

    b)  Vanilla Flavor;

    c)  Extra Creamy Original Flavor;

    d)  Dark Chocolate Flavor;

    e)  Unsweetened Original Flavor;

    f)  Unsweetened Vanilla Flavor.

7.      All of the Products listed above are substantially similar because each Product is an oat milk, each challenged label is the same "no artificial preservatives" label, each product contains the exact same challenged ingredient, and each Product is only differentiated by different flavor and sweetness.

2

FILED DATE: 4/10/2023 12:38 PM    2023CH03447

8.    The United Stated Food and Drug Administration ("FDA") defines the term chemical preservative as: "any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties." 21 C.F.R. § 101.22.

9.    Dipotassium phosphate is also known as dipotassium hydrogen orthophosphate and potassium phosphate dibasic.

10.    Dipotassium phosphate is produced by a variety of synthetic processes including, but not limited to, acid base reactions between potassium hydroxide and potassium phosphate, or potassium hydroxide and potassium carbonate.

11.    The process to synthesize dipotassium phosphate is summarized in the figures below:



12.    As depicted in Paragraph No. 11 above, tricalcium phosphate is purified phosphate rock, which is then reacted with sulfuric acid to form phosphoric acid and calcium sulfate,

3

FILED DATE: 4/10/2023 12:38 PM  2023CH03447

phosphoric acid is then reacted with potassium hydroxide to create dipotassium phosphate and water.

13.     The following chart depicts the chemical manipulations that separate dipotassium phosphate from natural phosphate rocks:

Ore (phosphate rock)

Acidification

↓

Phosphoric acid

Neutralization

↓

Dipotassium phosphate

14.     Dipotassium phosphate is a highly water-soluble inorganic salt and is added to foods to retard the deterioration thereof by preventing the curdling of proteins, preventing the growth of certain bacteria by creating inhospitable conditions due to its basicity, and stabilizing emulsions to extend the shelf life of consumer food products.[1]

15.     In basic terms, dipotassium phosphate extends the shelf-life of Plant Oat Milk by preventing the emulsion of ingredients from separating in the milk solution, creating an environment inhospitable to bacteria growth, and preventing the proteins in the solution from curdling.

16.     Based on the forgoing allegations, dipotassium phosphate is an artificially produced chemical that retards the deterioration consumer products. Therefore, it is a chemical preservative.

---

[1] References to Dipotassium Phosphate's effect on shelf stability are found at:
https://www.hydrite.com/Product/Food/Dipotassium-Phosphate.htm; https://foodandnutrition.org/from-the-magazine/a-bevy-of-milk-alternatives/; https://www.preparedfoods.com/articles/117995-developing-dairy-products

4

17.     On January 29, 2023, Plaintiff purchased a Product labeled, marketed, and sold as containing "no artificial preservatives", from a Jewel-Osco located at 1151 S. Roselle Rd. Schaumburg, Illinois.

18.     Plaintiff, and reasonable consumers, understand that products labeled as containing "no artificial preservatives" will not contain any artificial preservatives.

19.     Reasonable consumers, and Plaintiff, understand the term artificial based on common parlance, such that "artificial' means "made by people."[2]

20.     Reasonable consumers, and Plaintiff, understand the term preservative based on common parlance, such that "preservative" means "a chemical used to stop food from decaying".[3]

21.     Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the contents of the Products.

22.     By making false and misleading claims about the contents of its Products, Defendant impaired Plaintiff's ability to choose the type and quality of products she chose to buy.

23.     Therefore, Plaintiff has been deprived of her legally protected interest to obtain true and accurate information about her consumer products as required by law.

24.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class have been misled into purchasing Products that did not provide them with the benefit of the bargain they paid money for, namely that the Products would not contain artificial preservatives.

25.     As a result of Defendant's fraudulent labeling, Plaintiff and the Class paid a price premium for premium Products, but instead received non-premium Products.

26.     Plaintiff and the Class purchased Defendant's Products because Defendant's advertising claimed that the Products did not contain artificial preservatives.

---

[2] Common parlance definition found at: https://dictionary.cambridge.org/us/dictionary/english/artificial
[3] Common parlance definition found at: https://dictionary.cambridge.org/us/dictionary/english/preservative

FILED DATE: 4/10/2023 12:38 PM 2023CH03447

27.     Plaintiff would not have been able to understand that the Product she purchased contained an artificial preservative without an advanced understanding of chemistry.

28.     Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as containing "no artificial preservatives", Plaintiff could not have known that the Product contained an artificial preservative.

29.     Plaintiff was unaware that the Product contained an artificial preservative when she purchased it.

30.     Worse than the lost money, Plaintiff, the Class, and Sub-Class were deprived of their protected interest to choose the type and quality of products they ingest.

31.     Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that labeling, marketing, and selling the Products as containing "no artificial preservatives" was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products they purchased contained an artificial preservative unless Defendant expressly told them.

32.     On information and belief, Defendant did know that Products contained an artificial preservative but chose to label the Products with "no artificial preservative" labeling because it did not believe its customers were well educated enough to know the difference.

33.     On information and belief, Defendant employs professional chemists to create the chemical formulas of the Products, therefore, Defendant through its employees knew or should have known that dipotassium phosphate retards the deterioration of food products and is therefore a chemical preservative.

34.     As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

6

FILED DATE: 4/10/2023 12:38 PM   2023CH03447

a.      Lost money;

b.      Wasting Plaintiff's time; and

c.      Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of

confidence in product labeling.

## CLASS ALLEGATIONS

35.    Plaintiff brings this action on behalf of herself and all others similarly situated, as

a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products
> within five years prior to the filing of the Complaint through the date
> of class certification.

36.    Plaintiff also brings this action on behalf of herself and all others similarly situated,

as a member of the proposed sub-class (the "Sub-Class"), defined as follows

> All persons within the State of Illinois who purchased the Products
> within five years prior to the filing of the Complaint through the date
> of class certification.

37.    The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of

Civil Procedure for maintaining a class action, specifically:

a.      Upon information and belief, the Class and the Sub-Class are so numerous

that joinder of all members is impracticable. On information and belief there

are hundreds, if not thousands of individuals in the United States and the

State of Illinois who purchased the products within the applicable statute of

limitations period.

b.      There are questions of fact and/or law which are common to the Class and

the Sub-Class, and which predominate over questions affecting any

FILED DATE: 4/10/2023 12:38 PM 2023CH03447

individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

    i.    Whether Defendant disseminated false and misleading information by claiming the Products contained "no artificial preservatives";

    ii.    Whether the Class and Sub-Class members were informed that the Products contained an artificial preservative;

    iii.    Whether the Products contained an artificial preservative;

    iv.    Whether Defendant's conduct was unfair and deceptive;

    v.    Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

    vii.    Whether there should be a tolling of the statute of limitations; and

    viii.    Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

c.    Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.    Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.    This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

FILED DATE: 4/10/2023 12:38 PM   2023CH03447

g.    This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

h.    Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

38.    Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

39.    The size and definition of the Class and Sub-Class can be identified by Defendant's own records.

///

///

///

9

FILED DATE: 4/10/2023 12:38 PM   2023CH03447

## COUNT I
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND
## DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.*

40.     Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 39 above as if fully reiterated herein.

41.     Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as she is a natural person.

42.     Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a business entity and/or association.

43.     815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

44.     Through its representation that the Products contained no artificial preservatives, Defendant made false promises, misrepresentations, concealments, suppressions, and omissions of material facts, with the intent that Plaintiff rely upon said false promises, misrepresentations, concealments, suppressions, and omissions of material facts.

45.     815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...

> (c) [T]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

10

FILED DATE: 4/10/2023 12:38 PM   2023CH03447

46.     In taking the actions and omissions set forth above, and making the false promises, misrepresentations, concealments, suppressions, and omissions of material facts set forth above, Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to, 815 ILCS 505/2.

47.     Defendant failed to comply with the requirements of the ILCFA, including, but not limited to, 815 ILCS 505/2 as to the Class and Sub-Class members with respect to the above-alleged transactions

48.     By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a.     An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b.     An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.     An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d.     Judgment against Defendant in an amount to be determined at trial;

e.     An order for injunctive relief prohibiting such conduct by Defendant in the future;

11

FILED DATE: 4/10/2023 12:38 PM   2023CH03447

f.    Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g.    Any other relief deemed just and proper by this Court.

**COUNT II**
**COMMON LAW FRAUD**

49.    Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 39 above as if fully reiterated herein.

50.    Through its false statements that the Products contained "no artificial preservatives", Defendant made false statements of material fact.

51.    At the time Defendant made its statements to Plaintiff that the Products contained "no artificial preservatives", it knew, or reasonably should have known, that the statements described above were false.

52.    At the time Defendant made the statements to Plaintiff, Defendant intended to induce Plaintiff to purchase the Products.

53.    Plaintiff relied upon the truth of the statements described above and purchased the Products, only to find that the Product she purchased contained an artificial preservative.

54.    As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm, and damages which include, but are not limited to, the loss of money spent on products that did not provide them with the benefit of the bargain they paid money for, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

**PRAYER FOR RELIEF**

12

FILED DATE: 4/10/2023 12:38 PM   2023CH03447

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

    a.    An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

    b.    An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

    c.    An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

    d.    Judgment against Defendant in an amount to be determined at trial;

    e.    An order for injunctive relief prohibiting such conduct by Defendant in the future;

    f.    Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

    g.    Any other relief deemed just and proper by this Court.

## COUNT III
## UNJUST ENRICHMENT

55.    Plaintiff incorporates all of the allegations and statements made in Paragraphs 1 through 39 above as if fully reiterated herein.

56.    Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

57.    Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statements that the Products contained "no artificial preservatives".

58.    Defendant's retention of the revenue it received from Plaintiff, and the Class and

FILED DATE: 4/10/2023 12:38 PM   2023CH03447

Sub-Class members, is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, and the Class and Sub-Class members, as they would not have purchased the Products, or would not have paid a premium price, if they knew the Products contained an artificial preservative.

59.     Defendant's unjust retention of the benefits conferred on it by Plaintiff, and the Class and Sub-Class members, entitles Plaintiff, and the Class and Sub-Class members, to restitution of the money they paid to Defendant for the Products.

## <u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

h.   An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

i.   An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

j.   An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

k.   Judgment against Defendant in an amount to be determined at trial;

l.   An order for injunctive relief prohibiting such conduct by Defendant in the future;

m.   Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

n.   Any other relief deemed just and proper by this Court.

FILED DATE: 4/10/2023 12:38 PM 2023CH03447

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

CHRISTINE SLOWINSKI

Attorney for Plaintiff
Illinois Attorney No. 6276496
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com

Steve G. Perry
Attorney for Plaintiff
Cook County Attorney No.: 63294
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com

15

FILED DATE: 4/10/2023 12:38 PM   2023CH03447

**Appearance and Jury Demand \***           (12/01/20) CCG 0009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____ COUNTY    **DEPARTMENT/** <u>1st</u> **DISTRICT**

CHANCERY DIVISION

| | |
|---|---|
| CHRISTINE SLOWINSKI | Case No. _____ |
| Plaintiff | Claimed $: _____ |
| v. | Return Date: _____ Time: _____ |
| HP HOOD LLC | Court Date: _____ Room No.: _____ |
| Defendant | |
| | Address of Court District for Filing |

### APPEARANCE AND JURY DEMAND *

☑ General Appearance    ☑ 0900 – Fee Paid        ☐ 0904 – Fee Waived
                      ☐ 0908 – Trial Lawyers Appearance – No Fee
☑ Jury Demand *      ☐ 1900 – Appearance and Jury Demand/Fee Paid    ☐ Twelve-person Jury
                      ☐ 1904 – Appearance and Jury Demand/No Fee Paid    ☐ Six-person Jury

The undersigned enters the appearance of:   ○ Plaintiff   ○ Defendant

Litigant's Name: Christine Slowinski

Signature: _____ _~signature~_ _____

☑ Initial Counsel of Record    ☐ Pro Se (Self-represented)      ☐ 2810 Rule 707 Out-of-State Counsel
                                                (pro hac vice)

☐ Additional Appearance    ☐ Substitute Appearance

◉ Atty. No.: 63294      ○ Pro Se 99500

Name: Steven Perry Law Offices of Todd M. Friedman, P.C.

Atty. for (if applicable):

Christine Slowinski, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook

State: IL   Zip: 60062   Phone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

**IMPORTANT**
_Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)_

Pro Se Only:
☐ I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**
I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

                                Attorney for ◉ Plaintiff ○ Defendant

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 1

FILED DATE: 4/10/2023 12:38 PM  2023CH03447

Appearance and Jury Demand *                                    (12/01/20) CCG 0009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY _____ DEPARTMENT/ __1st__ DISTRICT

| | |
|---|---|
| CHRISTINE SLOWINSKI | Case No. _____   **CHANCERY DIVISION** |
| Plaintiff | Claimed $: _____ |
| v. | Return Date: _____  Time: _____ |
| HP HOOD LLC | Court Date: _____  Room No.: _____ |
| Defendant | |
| | Address of Court District for Filing |

### APPEARANCE AND JURY DEMAND *

☑ General Appearance    ☑ 0900 – Fee Paid                    ☐ 0904 – Fee Waived
                        ☐ 0908 – Trial Lawyers Appearance - No Fee
☐ Jury Demand *         ☐ 1900 – Appearance and Jury Demand/Fee Paid   ☐ Twelve-person Jury
                        ☐ 1904 – Appearance and Jury Demand/No Fee Paid  ☐ Six-person Jury

The undersigned enters the appearance of:  ● Plaintiff  ○ Defendant

Litigant's Name: Christine Slowinski _____

Signature: _____

☐ Initial Counsel of Record    ☐ Pro Se (Self-represented)    ☐ 2810 Rule 707 Out-of-State Counsel
                                                                  (pro hac vice)
☑ Additional Appearance       ☐ Substitute Appearance

● Atty. No.: 57323 _____  ○ Pro Se 99500

Name: Todd M. Friedman Law Offices of Todd M. Friedman P.C

Atty. for (if applicable):

Christine Slowinski, Plaintiff

Address: 21031 Ventura Blvd., #340

City: Woodland Hills

State: CA  Zip: 91364  Phone: 323-306-4234

Primary Email: tfriedman@toddflaw.com

| IMPORTANT |
|---|
| *Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)* |

**Pro Se Only:**
☐ I have read and agree to the terms of Clerk's Office
Electronic Notice Policy and choose to opt in to electronic
notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**
I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the
Court to be in default for failure to plead.

_____
Attorney for  ● Plaintiff  ○ Defendant

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 1

FILED DATE: 4/10/2023 12:38 PM 2023CH03447

Chancery Division Civil Cover Sheet
General Chancery Section

(12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

CHRISTINE SLOWINSKI

Plaintiff

v.

HP HOOD LLC

Defendant

Case No: _____

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet – General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 | ☐ | Administrative Review |
| 0001 | ☑ | Class Action |
| 0002 | ☐ | Declaratory Judgment |
| 0004 | ☐ | Injunction |
| | | |
| 0007 | ☐ | General Chancery |
| 0010 | ☐ | Accounting |
| 0011 | ☐ | Arbitration |
| 0012 | ☐ | Certiorari |
| 0013 | ☐ | Dissolution of Corporation |
| 0014 | ☐ | Dissolution of Partnership |
| 0015 | ☐ | Equitable Lien |
| 0016 | ☐ | Interpleader |

| | | |
|---|---|---|
| 0017 | ☐ | Mandamus |
| 0018 | ☐ | Ne Exeat |
| 0019 | ☐ | Partition |
| 0020 | ☐ | Quiet Title |
| 0021 | ☐ | Quo Warranto |
| 0022 | ☐ | Redemption Rights |
| 0023 | ☐ | Reformation of a Contract |
| 0024 | ☐ | Rescission of a Contract |
| 0025 | ☐ | Specific Performance |
| 0026 | ☐ | Trust Construction |
| 0050 | ☐ | Internet Take Down Action (Compromising Images) |

☐ Other (specify) _____

● Atty. No.: 63294    ○ Pro Se 99500

Atty Name: Steven Perry, Law Offices of Todd M. Friedman, PC

Atty. for: Christine Slowinski, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook    State: IL

Zip: 60062

Telephone: 224-218-0875

Primary Email: steven.perry@toddflaw.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 1

FILED
4/10/2023 2:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH03447
Calendar, 10
22222181

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DIVISION**

CHRISTINE SLOWINSKI, individually )
and on behalf of all others similarly )
situated, )
                       )
       Plaintiff, )      No. 2023CH03447
                       )
v. )
                       )
HP HOOD LLC, )
                       )
       Defendant. )

<u>**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**</u>

Now comes the Plaintiff, CHIRSITINE SLOWINSKI, by and through her attorneys, and brings this Motion for Class Certification against Defendant, HP HOOD LLC., individually and on behalf of a class and sub-class of all others similarly situated. In support thereof, Plaintiff alleges and states as follows:

1.      On January 29, 2023, Plaintiff purchased a Product labeled, marketed, and sold as containing "no artificial preservatives", from a Jewel-Osco located at 1151 S. Roselle Rd. Schaumburg, Illinois s alleged in Plaintiff's Complaint.

2.      When Plaintiff purchased the product she believed that the product would not contain artificial preservatives. However, upon investigation by her attorneys Plaintiff learned that the product contained dipotassium phosphate, an artificial preservative. A more thorough explanation of the facts may be found in Plaintiff's Complaint.

3.      As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries, harm, and damages, which include, but are not limited to, the following:

      a.      Lost money;

FILED DATE: 4/10/2023 2:16 PM    2023CH03447

     b.     Wasting Plaintiff's time; and

     c.     Stress, aggravation, frustration, inconvenience, loss of trust, loss of serenity, and loss of confidence in product labeling.

4.     Plaintiff brings claims, pursuant to 735 ILCS 5/2-801, *et seq.*, individually and on behalf of the following class (the "Class"): All persons within the United States who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

5.     Plaintiff also brings claims, pursuant to 735 ILCS 5/2-801, *et seq.*, individually and on behalf of the following sub-class (hereinafter the "Sub-Class"): All persons within the State of Illinois who purchased the Products within five years prior to the filing of the Complaint through the date of class certification.

6.     Illinois Rule of Civil Procedure section 5/2-801 states that an action may be maintained as a class action in any court of this state if the court finds that:

     (1)     The class is so numerous that joinder of all members is impracticable.

     (2)     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

     (3)     The representative parties will fairly and adequately protect the interest of the class.

     (4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

7.     The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of

FILED DATE: 4/10/2023 2:16 PM   2023CH03447

Civil Procedure for maintaining a class action, specifically:

a.  Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of Illinois who purchased the products within the applicable statute of limitations period.

b.  There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

  i.  Whether Defendant disseminated false and misleading information by claiming the Products contain "no artificial preservatives" when they do;

  ii.  Whether the Class and Sub-Class members were informed that the Products contained artificial preservatives;

  iii.  Whether the Products contains artificial preservatives;

  iv.  Whether Defendant's conduct was unfair and deceptive;

  v.  Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

  vii.  Whether there should be a tolling of the statute of limitations; and

  viii.  Whether the Class and Sub-Class members are entitled to restitution, actual damages, punitive damages, and attorneys' fees and costs.

3

FILED DATE: 4/10/2023 2:16 PM    2023CH03447

c.  Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.  Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.  Plaintiff will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiff has retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.  This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.  This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

h.  Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final

4

monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

5.      Plaintiff believes that upon completion of discovery in this matter, Plaintiff will be able to prove each of the allegations to the satisfaction of this Court. Therefore, Plaintiff requests the Court defer any ruling on this motion until after discovery has closed and Plaintiff has filed an amended or supplemental motion for class certification.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order certifying the proposed class and sub-class, but defer any ruling on this Motion until after discovery has been completed and Plaintiff has filed an amended or supplemental motion for class certification.

RESPECTFULLY SUBMITTED,

CHRISTINE SLOWINSKI

Steve G. Perry
Attorney for Plaintiff
Cook County Attorney No.: 63294
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, Illinois 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
Steven.perry@toddflaw.com

5

FILED DATE: 4/10/2023 2:16 PM   2023CH03447

FILED DATE: 4/10/2023 2:16 PM   2023CH03447

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Plaintiff's Motion for Class Certification was served upon the following party, alongside the summons and complaint, by submitting it to the Sangamon County Sheriff:

HP HOOD LLC
c/o Illinois Corporate Service Company (Registered Agent)
801 ADLAI Stevenson Drive
Springfield, IL 62703

_____
Steven G. Perry
Attorney for Plaintiff